UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| ISAAC PETERSON BEY, *Pro Se*, | ) | Case No.: 1:25 CV 2451 |
| | ) | |
| Plaintiff | ) | |
| | ) | JUDGE SOLOMON OLIVER, JR. |
| v. | ) | |
| | ) | |
| DANIEL STARLETT, *et al.*, | ) | |
| | ) | <u>MEMORANDUM OF OPINION</u> |
| Defendants | ) | <u>AND ORDER</u> |

*Pro Se* Plaintiff Isaac Peterson Bey filed this action, on behalf of himself and his children, ages twenty-one and seventeen, against Cuyahoga County Juvenile Court Bailiff Daniel Starlett, and two Jobs and Family Services Officers. The Complaint is indecipherable. It contains no factual allegations. As the basis for jurisdiction, he cites to "the Treaty of Tripoli Madrid Peace and Friends International Conference of Algeciras." (Doc. No. 1 at 4). He indicates that Starlett "denied [his] 5th, 4th, 6th, and 8th Amendment rights...[and] said he will not be honoring Supreme Court rule that support child support order." (Doc. no. 1 at PageID #:1). He states that Starlett "violate[d] ADA2 by asking question when he was informed that I do not answer question under color of law." (Doc. No. 1 at PageID #: 5). Finally, he states that Starlett "demanded [he] sign contract with weapons told me he would not be honoring his oath of office denied me my 4th and 5th Amendment and 8th (illegible) truth denied passport intitle (sic) to passport." (Doc. No. 1 at PageID #: 5). He does not identify the relief he seeks.

Plaintiff also filed an Application to Proceed *In Forma Pauperis.* (Doc. No. 2). That Application is granted.

**Standard of Review**

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the Court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal* , 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc*., 151 F.3d 559, 561 (6th Cir. 1998).

**Discussion**

This Complaint fails to meet the minimum pleading requirements of Federal Civil Procedure Rule 8. Federal Civil Procedure Rule 8 requires a Plaintiff to submit a short, plain and concise statement of his or her claims and relief. To meet the minimum notice pleading requirements of Rule 8, the Complaint must give the Defendants fair notice of what the Plaintiff's legal claims are and the factual grounds upon which they rest. *Bassett v. National Collegiate Athletic Ass'n*, 528 F.3d 426, 437 (6th Cir. 2008). This Complaint does not contain any facts, and no real explanation of the general legal claims he lists in his Complaint. Moreover, the few statements he provides to the Court are incomprehensible. *Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992). Plaintiff fails to meet the minimum pleading requirements of Rule 8. *Iqbal*, 556 U.S. at 678.

The Court takes notice that this is the eleventh case Plaintiff filed in this Court that has been dismissed for failing to meet the basic pleading requirements or establish a basis for this Court's subject matter jurisdiction. *See Bey v. Kenny*, No. 1:24 CV 964 (N.D. Ohio Aug. 30, 2024); *Bey v. Potton*, No. 1:24 CV 989 (N.D. Ohio May 16, 2025); *Peterson v. Brazelten*, No. 1:23 CV 1790 (N.D. Ohio Oct. 8, 2024); *Peterson v. Hamsen*, No. 1:23 CV 1914 (N.D. Ohio Oct. 2, 2023); *Peterson v. Bryan*, No. 1:23 CV 2347 (N.D. Ohio; Dec. 16, 2024); *Peterson v. School*, No. 1:24 CV 92 (N.D. Ohio May 10, 2024); *Peterson v. Landhandle*, No. 1:24 CV 542 (N.D. Ohio May 20, 2024); *Peterson v. Obert*, No. 1:24 CV 543 (N.D. Ohio June 17, 2024); *Peterson et al. v. Willoughby Hills P.D.,* No. 1:24 CV 631 (N.D. Ohio June 18, 2024); *Peterson v. Coates*, No. 5:23 CV 1818 (N.D. Ohio Dec. 19, 2023). The Complaints in each of these actions were composed of only one or two sentences, are devoid of facts, and contain no prayer for relief. In each of these cases, Plaintiff was allowed to waive payment of the filing fee and proceed *in forma pauperis*.

Up to this point, the Courts in this District have been tolerant of Plaintiff's *pro se* filings; however, there comes a point when we can no longer allow Plaintiff to misuse the judicial system at tax payer expense. The filing of frivolous lawsuits and motions strains an already burdened federal judiciary. As the Supreme Court recognized: "Every paper filed with the Clerk of ... Court, no matter how repetitious or frivolous, requires some portion of the [Court's] limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." *In re McDonald*, 489 U.S. 180, 184 (1989). Our ability to perform our duties is compromised when we are forced to devote limited resources to the processing of repetitious and frivolous filings. *In re Sindram*, 498 U.S. 177, 179-80 (1991). After a careful review of Plaintiff's conduct in this and other cases filed in the Northern District of Ohio, I have determined that it is necessary to impose some restrictions on Plaintiff's ability to continue on in this manner.

Until now, Plaintiff has been granted permission by the Court to proceed without paying the filing fee. Congress first enacted an *in forma pauperis* statute in 1892 "to ensure that indigent litigants have meaningful access to the federal courts." *Neitzke v. Williams*, 490 U.S. 319, 324, (1989) (citing *Adkins v. E.I. DuPont deNemours & Co.*, 335 U.S. 331, 342-43 (1948)). Proceeding *in forma pauperis* is a privilege, and not a right. *Wilson v. Yaklich*, 148 F.3d 596, 603 (6th Cir.1998); *Weaver v. Toombs*, 948 F.2d 1004, 1008 (6th Cir.1991); *Marshall v. Beshear*, No. 3:10CV-663-R, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010). Federal courts may revoke or deny the privilege of proceeding as a pauper when a litigant abuses the privilege by repeatedly filing frivolous, harassing, or duplicative lawsuits. *See In re McDonald*, 489 U.S. 180, 184-85 (1989) (per curiam); *Maxberry v. S.E.C.*, 879 F.2d 222, 224 (6th Cir.1989) (per curiam); *Levy v. Macy's, Inc.*, No. 1:13-cv-148, 2014 WL 49188, at *4 -5 (S.D. Ohio Jan. 7, 2014); *Hopson v. Secret Service*, No.

4

3:12CV-770-H, 2013 WL 1092915, at *1-3 (W.D. Ky. Mar. 15, 2013); *Marshall v. Beshear*, No. 3:10CV-663-R, 2010 WL 5092713, at *3 (W.D. Ky. Dec. 7, 2010); *Haddad v. Michigan Nat. Bank*, No. 1:09-cv-1023, 2010 WL 2384535, at *2-3 (W.D. Mich. June 10, 2010). Plaintiff has abused that privilege by repeatedly filing frivolous lawsuits. He is therefore prohibited from proceeding *in forma pauperis* in future actions. He must pay the entire filing fee to initiate a new action in this federal Court. Furthermore, Plaintiff is cautioned that if he continues to file frivolous lawsuits, the Court may also enjoin him from filing any new actions without first obtaining leave of court. *Reneer v. Sewell*, 975 F.2d 258, 260-61 (6th Cir. 1992); *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987).

**Conclusion**

Accordingly, this action is dismissed pursuant to 28 U.S.C. §1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1] In addition, Plaintiff is enjoined from proceeding *in forma pauperis* in future actions and must pay the entire filing fee at the initiation of the case.

IT IS SO ORDERED.

*/s/ SOLOMON OLIVER, JR.*
UNITED STATES DISTRICT JUDGE

January 9, 2026

---

[1] 28 U.S.C. § 1915(a)(3) provides:

An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.